UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------
SHIMON GOTTLIB on behalf of himself and
all other similarly situated consumers

                    Plaintiff,

      -against-

JAFFE & ASHER LLP

                  Defendant.
------------------------------------------------------------

**CV 12   2607**

**SUMMONS ISSUED**

**KUNTZ, J.**

**J. ORENSTEIN, M.J.**

### CLASS ACTION COMPLAINT

#### Introduction

1. Plaintiff Shimon Gottlib seeks redress for the illegal practices of Jaffe & Asher LLP in which they unlawfully engaged in the collection of consumer debts in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") and under the Telephone Communications Privacy Act.

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA.

4. The alleged debt that Defendant sought to collect from the Plaintiff involves a consumer debt.

5. Upon information and belief, Defendant's principal place of business is located within New York, New York.

6. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

-1-

a debt collector contacts or reaches a third party and chooses to leave **any** message at all to be conveyed to the debtor, such a communication being left with a third party will in fact violate §§ 1692c(b),1692d(6), 1692e(11).  See Krapf v. Collectors Training Institute of Illinois, Inc, Dist. Court, WD New York 2010 (Holding that contact with a third party that did not involve an inquiry into Plaintiff's location information but rather left a message for the debtor was a violation of  1692(b), 1692(c)(b), and and 1692(d).  West v. Nationwide Credit, Inc., 998 F. Supp. 642 (W.D.N.C.1998) (Section 1692(c)(b) should be broadly interpreted to prohibit a debt collector, in connection with the collection of any debt, from conveying any information relating to a debt to a third party.  The consumer's complaint alleging that the debt collector telephoned Plaintiff's neighbor leaving collector's name and telephone number and asking the neighbor to have consumer return the call, stated a claim for violation of § 1692c(b).)  Romano v. Williams & Fudge, Inc., 644 F. Supp. 2d 653 - Dist. Court, WD Pennsylvania 2008 quoting West v. Nationwide Credit, Inc., 998 F. Supp. 642 - Dist. Court, WD North Carolina 1998 (a complaint alleging that debt collector telephoned Plaintiff's neighbor leaving collector's name and telephone number and asking the neighbor to have Plaintiff return call stated a claim for violation of Section 1692(c)(b).  Thomas v. Consumer Adjustment Co., Inc., 579 F. Supp. 2d 1290 - Dist. Court, ED Missouri 2008 quoting West v. Nationwide Credit, Inc., 998 F. Supp. 642 - Dist. Court, WD North Carolina 1998 (holding that § 1692(c)(b) does not prohibit only those third-party communications in which some information about the debt is actually disclosed because that reading would render § 1692(b) superfluous.)  Blair v. Sherman Acquisition, Dist. Court, ND

-3-

Illinois 2004 quoting West v. Nationwide Credit, Inc., 998 F. Supp. 642 - Dist. Court,

WD North Carolina 1998 (All provisions of the statute must be considered and each

term must be interpreted equally, so as not to deflect from the meaning of the statute.

Specifically, as to 15 U.S.C. § 1692, every clause and word must be given force and §

1692(c)(b) should be broadly interpreted to prohibit a debt collector from conveying any

information to a third party that concerns a debt (except for the purpose of obtaining

location information as permitted under § 1692(b). Mathis v. Omnium Worldwide,

Dist. Court, D. Oregon 2006 quoting West v. Nationwide Credit, Inc., 998 F. Supp. 642

- Dist. Court, WD North Carolina 1998 ("Other than to obtain location information, a

debt collector may not contact third persons such as a consumer's friends, neighbors,

relatives, or employer. Such contacts are not legitimate collection practices and result in

serious invasions of privacy, as well as the loss of jobs.'". West v. Nationwide Credit,

Inc., 998 F. Supp. 642, 645 n.2 (W.D.N.C. 1998) (quoting S. Rep. No. 95-382, reprinted

at 1977 U.S. Code & Admin. News 1695, 1699) Krapf v. Collectors Training Institute

of Illinois, Inc., Dist. Court, WD New York 2010 quoting West v. Nationwide Credit,

Inc., 998 F.Supp. 642, 643-45 (W.D.N.C. 1998) (contact with a third party that did not

involve an inquiry into Plaintiff's location information, but rather, revealed that Plaintiff

had a "business matter." stated a claim under § 1692(c)(b) finding that the Plaintiff's

allegation that the Defendant contacted a third party to relay about a "very important"

matter regarding the Plaintiff. Plaintiff sufficiently stated claims under §§ 1692(b),

1692(c)(b), and 1692(d).

-4-

And finally, the famous *Foti v. NCO* which gave the name to the now all common FOTI claim already quoted in almost all circuits as a FOTI claim - TO DATE OVER 40 COURTS HAVE ADOPTED FOTIS DEFINITION OF INDIRECT COMMUNICATION. Foti v. NCO Financial Systems, Inc., 424 F. Supp. 2d 643 - Dist. Court, SD New York 2006 - Judge Karas in *Foti* based their reasoning on West v. Nationwide Credit. In Judge Karas' own words in Foti ("In West v. Nationwide Credit, 998 F.Supp. 642, 644 (W.D.N.C.1998), the court rejected a narrow interpretation of the word "communication," similar to that advanced by NCO in this case. The Plaintiff in West alleged that Defendants violated § 1692(c)(b) by contacting Plaintiffs neighbor. Defendants argued that a debt collector's phone call informing a neighbor that he had a "very important" matter to discuss did not violate § 1692(c)(b) because no information was actually conveyed about Plaintiffs debt. The West court rejected this narrow interpretation of "communication" in favor of a broader interpretation. *Id.* at 644. In reaching this conclusion, the West court noted that "[i]n interpreting the meaning of a statute, it is well settled that `[t]he "plain meaning" of statutory language controls its construction,'" and went on to examine the dictionary definitions of "regarding." *Id.* (quoting 657*657 Summit Inv. & Dev. Corp. v. Leroux, 69 F.3d 608, 610 (1st Cir.1995)). In particular, the court noted: "Webster's Ninth New Collegiate Dictionary (1st ed.1983) defines the term `regard' as, inter alia, `to relate to,' while it provides the following definition of the term `regarding': `with respect to: concerning.'" *Id.* "Based on these definitions, the court believes the ordinary meaning of the term `regarding' is consistent with the broader interpretation advocated by Plaintiff." *Id.* This conclusion

has been embraced by other courts as well in the context of applying § 1692(c)(b).  See,

e.g., Henderson, 2001 WL 969105, at *2 (rejecting Defendant's argument that letter sent

to employer seeking information about whether Plaintiff was employed, her wage scale,

her type of employment, the full name of her employer, and if terminated, the name of

her present employer, did not violate § 1692(c)(b) because it did not suggest a debt

collection purpose).  Thus, given the choice of language by Congress, the FDCPA

should be interpreted to cover communications that convey, directly or indirectly, any

information relating to a debt, and not just when the debt collector discloses specific

information about the particular debt being collected.  Indeed, a narrow reading of the

term "communication" to exclude instances such as the present case where no specific

information about a debt is explicitly conveyed could create a significant loophole in the

FDCPA, allowing debtors to circumvent the § 1692(e)(11) disclosure requirement, and

other provisions of the FDCPA that have a threshold "communication" requirement,

merely by not conveying specific information about the debt.  In fact, under Defendant's

interpretation of "communication," a debt collector could call regularly after the thirty-

day validation notice is sent, and not be subject to the § 1692(e)(11) requirement so long

as the message did not convey specific information about the debt.  Such a reading is

inconsistent with 658*658 Congress's intent to protect consumers from "serious and

widespread" debt collection abuses.)  Krug v. Focus Receivables Mgmt., LLC, 2010

U.S. Dist. LEXIS 45850 (D.N.J. May 11, 2010) (same); Henderson v. Eaton, 2001 U.S.

Dist. LEXIS 13243 (E.D. La. Aug.23, 2001) quoting  West v.  Nationwide Credit, Inc.,

998 F.  Supp. 642 (W.D.N.C.1998) and holding that under § 1692(c)(b), a debt collector

may not  communicate with a third party "in connection with the collection of any debt" except to obtain location information as provided in § 1692(b).  To violate § 1692(b), the third party communication need only be "in connection with the collection of a debt;" it  need  not expressly  mention  the debt  or debt collection  as "communication" includes conveying information about a debt "indirectly."  15 U.S.C. § 1692a(2).)  Henderson v. Eaton, 2002 U.S. Dist. LEXIS 274 (E.D. La. Jan. 2, 2002). (FDCPA class action certified); Leyse v. Corporate Collection Servs., 2006 U.S. Dist. LEXIS 67719 quoting West v.  Nationwide Credit, Inc., 998 F.  Supp. 642 (W.D.N.C.1998) (Finding that a phone call to a debtor's neighbor that the Defendant had a "very important" matter to address was "regarding a debt" because the content of the phone call was "with respect to" the Defendant's efforts to collect on Plaintiff's alleged arrearage.  Wideman v. Monterey Fin. Servs., 2009 U.S. Dist. LEXIS 38824 (Finding that the messages left by the Defendant constituted "communications" even though they did not technically mention any information about the debt and stated a claim under § 1692(c)(b) since it was not left for the purpose of obtaining location information which is the only permissible communication with third parties under the FDCPA, quoting West v. Nationwide Credit, Inc., 998 F. Supp. 642, 644-45 (W.D.N.C. 1998); also quoting Belin v. Litton Loan Servicing, LP, 2006 U.S. Dist. LEXIS 47953, 2006 WL 1992410 at *4 (M.D. Fla. July 14, 2006) (which found that the message was a communication under the FDCPA even though it was not disclosed that it came from a debt collector where the name of the company was referenced, directions to return the call were given, and the purpose of the message was to induce the debtor to return the

-7-

call). Shand-Pistilli v. Professional Account Servs., Inc., 2010 WL 2978029 (E.D. Pa. July 26, 2010) (The consumer adequately alleged that Defendant contacted a third party in violation of § 1692(c)(b) since the Defendant's inquiry went beyond the boundaries of location information. A debt collector may not seek additional information about a consumer because such information is beyond the scope of location information.) Gburek v. Litton Loan Servicing LP, 614 F.3d 380 (7th Cir. 2010). (A "communication" need not refer to the debt."); Edwards v. Niagra Credit Solutions, Inc., 586 F. Supp. 2d 1346, 1350-51 (N.D. Ga. 2008) (finding that the telephone message at issue, which referenced an "important" matter, contained information regarding a file number and whom to contact, and was left for the purpose of collecting the debt, indirectly conveyed information concerning the debt and, therefore, met the statutory definition of a "communication"); Ramirez v. Apex Financial Management, LLC, 567 F. Supp. 2d 1035, 1041 (N.D. Ill. 2008) (finding that the message was an indirect communication regarding the Plaintiff's debt where it conveyed pertinent information including the fact that there was a matter he should attend to and instructions on how to do so); Hosseinzadeh v. M.R.S. Associates, Inc., 387 F. Supp. 2d 1104, 1116 (C.D. Cal. 2005) (finding that the messages left by the Defendant constituted "communications" even though they did not technically mention specific information about the debt); Belin v. Litton Loan Servicing, LP, 2006 U.S. Dist. LEXIS 47953, 2006 WL 1992410 at *4 (M.D. Fla. July 14, 2006) (finding that the message was a communication under the FDCPA even though it was not disclosed that it came from a debt collector where the name of the company was referenced, directions to return the call were given, and the

-8-

purpose of the message was to induce the debtor to return the call); Shaver v. Trauner, 97-1309, 1998 U.S.Dist. LEXIS 19648 (C.D.Ill., Jul. 31, 1998) (The only exception in the FDCPA which permits a debt collector to contact third parties is to obtain: "location information about the consumer." 15 U.S.C. § 1692(b). On its face, a communication to someone other than those enumerated in the statute, and which offers or seeks information not limited to "location information." would be unlawful (class and adoption of denial of motion to dismiss), 1998 U.S.Dist. LEXIS 19647 (C.D.Ill., May, 29, 1998) (Magistrate Judge's denial of motion to dismiss). Smith v. NCO Fin. Sys., 2009 U.S. Dist. LEXIS 51576 (E.D. Pa. June 12, 2009) (Holding that the FDCPA prohibits debt collectors from communicating with anyone other than the consumer and the only exception to this broad proscription is that debt collectors may, under Section 1692(b), communicate with persons "other than the consumer for the purpose of acquiring location information about the consumer." The FDCPA defines "location information" as "a consumer's place of abode and his telephone number at such place, or his place of employment". Contact with third parties, such as employers, for any other purpose is prohibited under the FDCPA. The court noted that the Defendants' contention that the FDCPA "does not prohibit all third party contact -- only disclosure of the debt to third parties" is an untenable position, unsupported by authority and clearly at odds with the plain language of the statute.)

15. Said message was in violation of 15 U.S.C. 1692 §§ 1692c(b) and 1692d for leaving a message with a third party.

16. Defendant caused Plaintiff to incur charges for Defendant's collection communications

when Plaintiff had no reason to know the communication's purpose.

17.    Defendant was prohibited from placing a call that will cause a charge to Plaintiff without

having notified Plaintiff to expect it and without having announced its collection

purpose.

18.    Defendant called Plaintiff's wireless phone number and Plaintiff was charged a toll on

all those incoming calls.

19.    Plaintiff was not alerted to the calls beforehand.

20.    The said telephone messages are in violation of the Fair Debt Collection Practices Act,

15 U.S.C. § 1692f(5)."

21.    The said May 2, 2012 message which the representative of Jaffe & Asher LLP left with

a third party stating: **"This is Marcus Smith from the Law office of Jaffe &**

**Asher ...."**, communicates to the least sophisticated consumer that the communication

came from a law firm in a practical sense hence this message violates Section 1692e(3) .

See, e..g Suquilanda v. Cohen & Slamowitz, LLP  No. 1:10-cv-05868 (S.D.N.Y. SEP

08, 2011) " Absent any disclaimer and without an attorney conducting any meaningful

review ,Using a "Law Office" Letterhead States a Claim for Relief under Section

1692e(3)."

The FDCPA prohibits the use of any "false, deceptive, or misleading representation or

means in connection with the collection of any debt." 15 U.S.C. § 1692e. It enumerates a

non-exhaustive list of sixteen debt-collection practices that run afoul of this proscription,

including "the false representation or implication that [a] communication is from an

attorney." Id. § 1692e(3).The Second circuit has held that a debt-collection letter from a

-10-

law firm or lawyer violates Section 1692e(3) if an attorney was not "directly and personally involved" with the debtor's account — such as by reviewing the debtor's file — before the letter was sent. Clomon v. Jackson, 988 F.2d 1314, 1320-21 (2d Cir. 1993) See, e..g, Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232, 1237-38 (5th Cir. 1997); Avila v. Rubin, 84 F.3d 222, 229 (7th Cir. 1996); Martsolf v. JBC Legal Grp., P.C., No. 1:04-CV-1346, 2008 WL 275719, at *7 (M.D. Pa. Jan. 30, 2008); Sonmore v. Checkrite Recovery Servs., Inc., 187 F. Supp. 2d 1128, 1133 (D. Minn. 2001) (Alsop, J.); The same applies to a message, containing a law-firm audio caption such as -- **" "This is Marcus Smith from the Law office of Jaffe & Asher ...."** would imply meaningful attorney involvement, which does not exist absent participation by an attorney in the debt-collection process. See, e.g., Greco v. Trauner, Cohen & Thomas, L.L.P., 412 F.3d 360, 364 (2d Cir. 2005) ("[W]e [have] established that a letter sent on law firm letterhead . . . does represent a level of attorney involvement to the debtor receiving the letter. And if the attorney or firm had not, in fact, engaged in that implied level of involvement, the letter is . . . misleading within the meaning of the FDCPA.").

The Second Circuit confronted similar facts in Clomon. There, the attorney Defendant approved the form of dunning letters sent by a collection agency and also "approved the procedures according to which th[e] letters were sent."988 F.2d at 1317. He did not have any specific involvement with each debtor's account, however, such as reviewing the debtor's file or the particular letter being mailed. Id. The Second Circuit concluded that the challenged letters, despite bearing the Defendant attorney's signature, violated

-11-

Section 1692e(3) because, although literally "from" an attorney, they "were not 'from' [him] in any meaningful sense of that word." Id. at 1320; accord, e.g., Avila, 84 F.3d at 229. The same result is obtained here.

While many courts have ruled (see e..g Carman v. CBE Group, Inc., 2011 U.S. Dist. LEXIS 29730 (D. Kan. Mar. 23, 2011): that under the FDCPA, a debt collector has no right to leave a message and in fact, risks violating either §§ 1692d(6), 1692e(11) or 1692c(b) if it does so. When a debt collection law firm like **Jaffe & Asher LLP** chooses to leave a message which uses the words **Jaffe & Asher LLP** before any direct and personal involvement (" with the debtor's account — such as reviewing the debtor's file) - then - (absent any clear disclosure that no attorney has reviewed the particular account) this message violates Section 1692e(3) See also e.g. Gonzalez v. Kay, 577 F.3d 600 (5th Cir. 2009). "Debt collectors acting solely as debt collectors must not send the message that a lawyer is involved, because this deceptively sends the message that the 'price of poker has gone up."

In order for a collection agency to be Foti compliant a debt collector must put in each oral or written communication the debt collector disclaimer and the debt collector cannot assume that the initial communication absolves the debt collector from making future debt collector disclaimers and in order for a Law firm who is engaged in purely debt collection activity to be Greco compliant if the debt collection law firm uses words that would imply the communication is coming from a Law Firm then they need to use a NON ATTORNEY disclaimer in every communication and they cannot assume that the initial communication absolves the NON ATTORNEY debt collector from making

-12-

future NON ATTORNEY disclaimers. When it comes to a LAW FIRM which is engaged in purely debt collection activities the (GRECO - NON ATTORNEY) disclaimer is just like the Mini Miranda warning it must be in every communication in fact Jaffe & Asher LLP puts the (NON ATTORNEY) disclaimer in their letter communication because Jaffe & Asher LLP is certain that not putting in the (NON ATTORNEY) disclaimer in a letter communication would imply that the said communication is from an involved attorney hence when Jaffe & Asher LLP is meaningfully involved ( e.g. during litigation) the (NON ATTORNEY) disclaimer is absent from those communications. An oral or written communication from a LAW FIRM absent the (NON ATTORNEY) disclaimer would lead even a sophisticated consumer to get the impression of meaningful attorney involvement. In general it would be ridiculous to think that the least sophisticated consumer would carry over any disclaimer from one communication to the next (such as a Mini Miranda or Greco - hence the case law that these disclaimers must be in **ALL** communications). In particular the communication at hand in this case would imply that it is from an Attorney in the practical sense since it was the initial communication. No Bona Fide error defense exists because Jaffe & Asher LLP has a standard practice to leave in every message the words LAW FIRM or Attorneys.

See. Pipiles v. Credit Bureau of Lockport, Inc., 886 F.2d 22, 25 (2d Cir. 1989). (Because the collection notice was reasonably susceptible to an inaccurate reading, it was deceptive within the meaning of the Act) Clomon v. Jackson, 988 F.2d 1314, 1319 (2d Cir. 1993). (Collection notices are deceptive if they are open to more than one

-13-

reasonable interpretation, at least one of which is inaccurate) Russell v. Equifax A.R.S.,

74 F.3d 30, 34 (2d Cir. N.Y. 1996) (a collection notice is deceptive when it can be

reasonably read to have two or more different meanings, one of which is inaccurate. The

fact that the notice's terminology was vague or uncertain will not prevent it from being

held deceptive under § 1692e(10) of the Act.) Campuzano-Burgos v. Midland Credit

Mgmt., Inc., 550 F.3d 294 (3d Cir. 2008).  (The court summarized the law of deception

under the least sophisticated consumer standard: A communication is deceptive for

purposes of the Act if: ''it can be reasonably read to have two or more different

meanings, one of which is inaccurate''. This standard is less demanding than one that

inquires whether a particular debt collection communication would mislead or deceive a

reasonable debtor) Dutterer v. Thomas Kalperis Int'l, Inc., 2011 WL 382575 (E.D.

Pa.Feb. 4, 2011). (A communication that could be ''reasonably read to have two or more

different meanings, one of which is inaccurate,'' is considered deceptive.) Rosenau v.

Unifund Corp., 539 F.3d 218, 221 (3d Cir. 2008). (It is a remedial statute that we

'construe . . . broadly, so as to effect its purpose.' '' Communications are to be analyzed

under the least sophisticated debtor standard. A debt collection letter is deceptive where

it can be reasonably read to have two or more different meanings, one of which is

inaccurate.) Smith v. Harrison., 2008 WL 2704825 (D.N.J. July 7, 2008). (A debt

collection letter ''is deceptive when it can be reasonably read to have two or more

different meanings, one of which is inaccurate.'') Brown v. Card Serv. Ctr., 464 F.3d

450 (3d Cir. 2006). FDCPA is remedial, strict liability statute to be liberally construed.

Communications from collectors to debtors are analyzed from the perspective of the

-14-

least sophisticated consumer. A debt collection letter is deceptive where it can be reasonably read to have two or more different meanings, one of which is inaccurate. Holmes v. Mann Bracken, L.L.C., 2009 WL 5184485 (E.D. Pa.Dec. 22, 2009). Where Defendant sent the communication knowing that the contents could be "deceptive" because such communication could have "two or more different meanings, one of which is inaccurate," the court denied Defendant's motion for summary judgment Reed v. Pinnacle Credit Servs., L.L.C., 2009 WL 2461852 (E.D.Pa. Aug. 11, 2009). (Objective least sophisticated consumer standard applies. Thus, where there are two possible meanings to a communication, one of which is inaccurate, the least-sophisticated consumer could be misled or deceived by that inconsistency.) Mushinsky v. Nelson, Watson & Assoc., L.L.C., 642 F. Supp. 2d 470 (E.D. Pa. 2009). A collection letter is deceptive if it can reasonably have two meanings, one of which is inaccurate. Dutterer v. Thomas Kalperis Int'l, Inc., 2011 WL 382575 (E.D. Pa. Feb. 4, 2011). A notice that could be "reasonably read to have two or more different meanings, one of which is inaccurate,' Dutton v. Wolhar, 809 F. Supp. 1130 (D. Del. 1992) ("least sophisticated debtor is not charged with gleaning the more subtle of the two interpretations" of a collection notice)

22.  Defendant, as a matter of pattern and practice, leaves messages, using language substantially similar or materially identical to that utilized by Defendant in the above-cited message which was left for the Plaintiff on many occasions.

23.  Defendant leaves thousands of messages like the one left for Plaintiff without conducting any meaningful review of the accounts.

-15-

least sophisticated consumer and violated § 1692e.

27.    The representatives that left the messages are not attorneys and, are not licensed to practice law in the State of New York or any other State.

28.    At no time did any of the representatives indicate in the messages that they are actually a non-attorney debt collector.

29.    Said message is in violation of 15 U.S.C. §§ 1692e, 1692e(3), 1692e(10) and 1692e(5) for failing to qualify that the indicate that the message was from a non-attorney, for failing to qualify that no attorney from the firm had reviewed the debt and for falsely threatening legal action.

30.    During the said call, the Defendant's agent represented himself as an attorney.

31.    Upon information and belief, the Defendant is not an attorney debt collector.

32.    Said message are in violation of 15 U.S.C. §§ 1692e, 1692e(3), 1692e(10) and 1692e(5) for failing to qualify that the indicated message was from a non-attorney.

33.    In the initial oral communication dated May 3, 2012, Defendant failed to disclose that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose.

34.    Said communication violated Section 1692e (11) in that the initial oral communication should have stated that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose.

35.    Especially by leaving a false message with a third party that Marcus Smith had been "trying to get through to Shimon for a long time and that he must return the call today", the collector imposed upon the Plaintiff a false sense of urgency and false sense of great

-17-

importance concerning the matter, where the Plaintiff was made to feel obligated to retain an attorney.

36. The said telephone messages are in violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692e, 1692e(10) and 1692e(11) for making "false statements which constituted false or misleading representations creating a **false sense of urgency**" in violation of 15 U.S.C. § 1692e, and also constituted, an improper third-party contact under 15 U.S.C. § 1692c(b) See *Leyse v. Corp. Coll. Servs., Inc.*, No. 03 Civ. 8491 (DAB), 2006 WL 2708451, at \*7 (S.D.N.Y. Sept. 18, 2006) (finding violations under § 1692e(10) where messages were vague enough as to purpose to provoke the recipient to return the call in haste).

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.*

37. Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs 1-36 as if set forth fully in this cause of action.

38. This cause of action is brought on behalf of Plaintiff and the members of five classes.

39. Class A consists of all persons whom Defendant's records reflect resided in New York and were left telephonic messages from Defendant within one year prior to the date of the within complaint up to the date of the filing of the complaint; (a) the telephone messages were placed to a service where the consumer was charged for the calls, and (c) that the telephone messages were in violation 15 U.S.C. § 1692f(5).

40. Class B consists of all persons whom Defendant's records reflect resided in the New

-18-

York State and who received telephone messages (a) from one of Defendant's collection representatives which stated that the messages were from the Jaffe & Asher LLP but which failed to qualify that the debt had not been reviewed by an attorney and / or that the telephone messages did not qualify that the person leaving the message was a non-attorney at the firm, (b) the message was left concerning the seeking payment of an alleged debt; and (c) that the messages contained violations of 15 U.S.C. §§ 1692e, 1692e(3) and 1692e(10).

41. Class C consists of all persons whom Defendant's records reflect resided in the state of New York and whose neighbor, or similar party or even someone other than a spouse within the debtor's home answered a telephone call from Defendant within one year prior to the date of the within complaint up to the date of the filing of the complaint; (a) the telephone call was placed to a consumer's home or similar party seeking payment of a consumer debt by leaving a message with a third party directing the consumer to call the Defendant; and (c) that the telephone messages were in violation 15 U.S.C. 1692 §§ 1692c(b) and 1692d.

42. Class D consists of all persons whom Defendant's records reflect resided in the State of New York and who received telephonic messages from Defendant's representatives within one year prior to the date of the within complaint up to the date of the filing of the complaint; (a) the telephone message was placed to a consumer seeking payment of a consumer debt; and (c) that the telephone message was the initial communication which was oral, wherein it failed to state the required language in violation of 15 U.S.C. §§ 1692e(11).

-19-

43. Class E consists of all persons whom Defendant's records reflect resided in the State of New York and who received telephonic messages from Defendant's representatives within one year prior to the date of the within complaint up to the date of the filing of the complaint; (a) the telephone messages were placed to a consumer seeking payment of a consumer debt; and (c) that the Defendant made false statements and created a false sense of urgency in violation of 15 U.S.C. § 1692e, 1692e(10) and 1692e(11).

44. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

    (a)    Based on the fact that form telephonic messages are at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

    (b)    There are questions of law and fact common to the class and these questions predominate over any question(s) affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

    (c)    The only individual issue involves the identification of the consumers who received such telephonic messages (*i.e.* the class members). This is purely a matter capable of ministerial determination from the records of the Defendant.

    (d)    The claims of the Plaintiff are typical of those of the class members. All of the respective class claims are based on substantially similar facts and legal theories.

    (e)    The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing

class actions and collection abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

45. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

46. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

47. Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

48. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

49. Because the Defendant violated of the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in Plaintiff's favor and against the Defendant and award damages as follows:

-21-

54.    Each call is a separate violation and entitles plaintiff to statutory damages against defendant in the amount of $500.00 per call.

55.    Plaintiff asserts that since the violations were made intentionally or recklessly that the violations be assessed a statutory damage of $1,500.00 per call. 47 U.S.C. § 227(b)(3).

56.    All actions taken by Defendant were taken with malice, were done willfully, recklessly and/or were done with either the desire to harm Plaintiff and/or with the knowledge that its actions would very likely harm Plaintiff and/or that its actions were taken in violation of the TCPA and/or that knew or should have known that its actions were in reckless disregard of the TCPA. Courts have found collection agency's have willfully or knowingly violated the TCPA simply by calling any plaintiff on his/her cell phone using a pre-recorded voice, regardless of whether it knew it was violating the law. (*Sengenberger v. Credit Control Services, Inc.*, 2010 U.S. Dist. LEXIS 43874)

### *Violations of the Telephone Communications Privacy Act*

57.    The defendant has repeatedly violated the TCPA by failing to leave the legal name of the defendant in the messages left for the plaintiff as states as follows in 47 C.F.R. 64.1200(b)(1) states:

"(b) All artificial or prerecorded telephone messages shall:

At the beginning of the message, state clearly the identity of the business, individual, or other entity that is responsible for initiating the call. If a business is responsible for initiating the call, the name under which the entity is registered to conduct business with State

-23-

Corporation Commission (or comparable regulatory authority) must be stated. The FCC further provided that:

With respect to the caller's name, the prerecorded message must contain, at a minimum, the legal name under which the business, individual or entity calling is registered to operate. The Commission recognizes that some businesses use "d/b/as" or aliases for marketing purposes. The rule does not prohibit the use of such additional information, provided the legal name of the business is also stated."

58.      The FCC did not intend to exempt automated collection calls from the requirements of 47 C.F.R. 64.1200(b)(1), even if consent was given in the case where the debt collector failed to leave the legal name of the company. (Sengenberger v. Credit Control Services, Inc., 2010 U.S. Dist. LEXIS 43874)

59.      Defendant has repeatedly violated the TCPA by the calls made to plaintiff specifically the numerous calls by illegally by not stating its legal name in its prerecorded messages in violation of the Telephone Consumer Protection Act

60.      The actions of the defendant violate the TCPA.

61.      Because the defendant intentionally violated the TCPA, the plaintiff is entitled to damages in accordance with the TCPA namely $1500 for each call where the defendant failed to obtain prior consent from the plaintiff.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against the defendant and award damages as follows:

(a) Statutory damages provided under the TCPA and injunctive relief;

-24-

(b) Any other relief that this Court deems appropriate and just under the

circumstances.

Dated: Cedarhurst, New York
May 22, 2012

Adam J. Fishbein, P.C. (AF-9508)
Attorney At Law
**Attorney for the Plaintiffs**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

Adam J. Fishbein (AF-9508).

-25-